**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4282**

_____

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

JANICE COXE,

       Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-00479-RBH-15)

_____

Submitted:  February 20, 2009     Decided:  March 9, 2009

_____

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  William E. Day, Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a plea agreement, Janice Coxe pled guilty to conspiracy to commit marriage fraud, 18 U.S.C. § 371 (2006). She was sentenced to six months in prison. Coxe now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 and whether the sentence is unreasonable but stating that there are no meritorious issues for appeal. Coxe was advised of her right to file a pro se supplemental brief but did not file such a brief. We affirm.

Our review of the transcript of Coxe's guilty plea proceeding discloses full compliance with Fed. R. Crim. P. 11. Further, we find that her sentence is reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007). In this regard, Coxe's advisory guideline range was 10-16 months, reflecting a total offense level of 11 and criminal history category II. The district court granted the United States' motion for downward departure based on substantial assistance and departed downward two levels, resulting in a sentencing range of 6-12 months. The court clearly stated its reasons for granting the Government's motion and for denying Coxe's motion for a variance. The record reveals that, in sentencing Coxe, the district court properly calculated her guideline range, treated the guidelines as

advisory, considered the relevant 18 U.S.C. § 3553(a) (2006) factors, and adequately explained its reasons for imposing the six-month sentence. See United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007).

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm. This court requires counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED